# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| TION JACKSON, | ) | |
|     Petitioner, | ) ) ) | |
| v. | ) | CV416-321 |
| JOSE MORALES, | ) ) ) | |
|     Respondent. | ) ) | |

## REPORT AND RECOMMENDATION

Tion Jackson petitions this Court under 28 U.S.C. § 2254, doc. 1, but the Court construes it as a 28 U.S.C. § 2241 petition because state court criminal proceedings remain pending against him (hence, he can cite no conviction, a § 2254 prerequisite). Jackson raises a Sixth Amendment speedy trial claim[1] arising from his pending prosecution. *Id.* at 2-4; *see State v. Buckner*, 292 Ga. 390, 390 (2013) (applying *Barker v. Wingo*, 407 U.S. 514 (1972), and *Doggett v. United States*, 505 U.S. 647 (1992) to speedy trial claim). He also moves for leave to proceed *in forma pauperis*

---

[1] The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy . . . trial." U.S. Const. amend. VI; *see also United States v. Uramar*, ___ F.3d ___, 2016 WL 6962083 at *1 (11th Cir. Nov. 29, 2016) (conviction reversed on Speedy Trial Act grounds; trial court erred in granting one-year continuance, so indictment must be dismissed).

(IFP). *Id.* at 8-9.

The Court **GRANTS** Jackson's IFP motion (*id.*) but his petition must be dismissed on exhaustion grounds. Jackson may not pursue federal habeas relief under § 2241 or § 2254 until he has first exhausted his available state remedies. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973) (a state prisoner must first exhaust all available state remedies before filing a federal habeas petition); *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (all habeas corpus actions "require a petitioner to fully exhaust state remedies"); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies."). Georgia law

> allows pretrial detainees to raise each of these types of claims either during state criminal proceedings or collaterally in a state habeas corpus action. *See Perera v. Miller*, 283 Ga. 583, 662 S.E.2d 544, 544 (Ga. 2008) (noting that criminal defendants can bring speedy trial claim and ineffective assistance of counsel claims during the course of criminal proceedings); *Jackson v. State*, 279 Ga. 449, 614 S.E.2d 781, 783–84 (Ga. 2005) (ruling on speedy trial claim and due process claim based on preindictment delay; claims initially brought in motion for a new trial and reasserted on direct appeal); *Rainwater v. Langley,* 277 Ga. 127, 587 S.E.2d 18, 19–20 (Ga. 2003) (challenging pretrial detention in state habeas petition); *Banks v. Waldrop*, 272 Ga. 475, 531 S.E.2d 708, 708 (Ga. 2000) (holding that challenge to

pretrial detention based on contention of improper denial of bail is properly brought in state habeas petition); *McClure v. Hopper*, 234 Ga. 45, 214 S.E.2d 503, 506 (Ga. 1975) (holding that claim based on denial of a timely first appearance may be cognizable in habeas corpus action).

*Harvey v. Corbin*, 2011 WL 4369828 at * 2 (S.D. Ga. Aug. 12, 2011).

Jackson has not alleged, and there is nothing in the record to suggest, that he filed a state habeas petition challenging the (alleged) pre-trial delay in his state criminal prosecution. Therefore, his petition (doc. 1) should be **DISMISSED WITHOUT PREJUDICE** so that he may exhaust available state remedies. *Maynor v. St. Lawrence*, 2012 WL 5940512 at *1 (S.D. Ga. Nov. 26, 2012).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see *Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 6th day of December, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA